## JOHN B. COOPER

*v.*

## ANNA COOPER.

*Filed at Ottawa January 21, 1890.*

1. LIMITATIONS—*when the statute begins to run.* Certain horses, the property of a married woman, were used, fed and cared for on her husband's farm, and her step-son had control of them, the same, and no otherwise, than he had of the other property on the farm. This step-son converted the property to his own use, claiming to be the owner, and when sued in trover by the owner, set up the Statute of Limitations. The court properly instructed the jury, on behalf of the plaintiff, that the Statute of Limitations did not begin to run against her until she had notice that the defendant claimed to own the horses.

2. In such case, the son residing on his father's farm, and using the stock on the place, and taking care of the same, his work, control and care of the same will, in legal presumption, be that of his father, only; and if a part of the stock so used and cared for was that of the son's step-mother, until he does some act to notify her that he claims her stock as owner, she will be justified in treating his work, control and care of her stock, as that of her husband, and for her benefit.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. N. J. PILLSBURY, Judge, presiding.

Messrs. RICHARDSON BROS., for the appellant.

Mr. WILLIAM POTTER, and Mr. H. K. WHEELER, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was trover, by appellee, against appellant, for certain horses. The pleas were, not guilty, and the Statute of Limitations. The only questions of law discussed in argument arise on the giving and refusing of instructions. Two errors in this respect are claimed: First, in telling the jury that the Statute of Limitations did not commence to run against ap-

pellee until she had notice that appellant claimed to own the property; and second, in refusing to instruct the jury that the burden of proof was on appellee.

The facts found show that the horses belonged to appellee, and they were used, fed and cared for on her husband's farm. Appellant was her step-son, and had control of these horses no otherwise than he had of other property on the farm. His work, control and care of them was, in legal presumption, that of his father, only, and until he did some act to notify appellee that he claimed as owner, she was justified in treating his work, control and care of them as that of her husband and for her benefit. The jury were distinctly told, in one or more instructions given, that the burden of proof was on the plaintiff, and it was not error to refuse to repeat it.

We find no error in the record, and the judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*