# DANIEL LANTZ
## v.
# WILLIAM DRUM.

*Trover—Horse—Agency.*

1. A general owner may maintain his action against any person tak-
ing his goods out of the possession of his agent.
2. The burden of showing that a horse belonged to a minor by gift
from his father is on the person asserting it.
3. In an action of trover brought to recover the value of a certain
mare traded to defendant by plaintiff's minor son, this court holds, in view
of the giving of an erroneous instruction touching the ownership thereof,
in behalf of defendant, that the judgment in his favor can not stand.

[Opinion filed May 20, 1892.]

APPEAL from the County Court of Will County; the Hon.
BENJAMIN OLIN, Judge, presiding.

Messrs. MORRILL SPRAGUE and HALEY & O'DONNELL, for appellant.

Mr. J. W. D'ARCY, for appellee.

LACEY, P. J.  This was a suit commenced by appellant in a justice court in trover to recover the value of a certain mare, of which appellant claimed the ownership, of the value of about $100.  Upon appeal the case was tried in the Circuit Court resulting in a verdict and judgment in favor of the appellee.  The appellant purchased the mare of one Druly for $100, some eight months before the appellee came into her possession.

The appellee came into possession of the mare by virtue of a trade with the minor son of appellant, Henry by name, who was nineteen years of age, and had had a sunstroke and was subject to epileptic fits.  In the absence of the appellant, the appellee met the boy driving the mare in the highway and proposed a trade of his three year old colt for the mare.  The boy seemed inclined to trade but wanted boot, and invited appellee to his father's house, where the boy resided.  There the trade was made by giving the colt for the mare.  In a day or two afterward the appellee sold the mare, and when appellant made a demand for her she could not be delivered, neither would appellee pay for her.  This suit was then brought to recover the value of the mare.  The defense set up at the trial was that the mare was the property of the boy and not that of appellant, and the case was tried on that issue.  The appellant insisted and so testified that the mare was his own property by purchase, and that he had never given her to his son, but had always retained the ownership.  He, however, had purchased her for his son to work and handle.  The only evidence of ownership of the mare by the boy Henry, was the evidence of Vanolinda and Foster, who testified that at the time appellant was about to bring this suit, he said he had given the mare to the boy. The statements made to those witnesses as to the gift of the mare to the boy, were of an equivocal nature, and may have

meant, as appellant testified, that he had purchased the mare for the boy to work, and had given her to him for that purpose, and he so explained the matter to Foster afterward. We are of the opinion that the evidence of property in appellant preponderated in his favor, and the evidence of gift was very weak and uncertain. In this state of the evidence, the court gave the appellee's ninth instruction, which is as follows: "The law is, that this is a possessory action, and the jury should consider the evidence as to who was in the lawful possession of the animal at the time defendant received her, as touching the question of title in connection with the other evidence in the case."

In the first place, the court was in error in telling the jury that the action was a possessory one. It was not a possessory action. It was in trover for the value of the mare. How did the form of the action concern the matter of the boy's possession of the mare at the time of the trade? And how did the boy's possession furnish any light upon the question of title, as the jury were instructed? The jury could only have inferred from this, that inasmuch as the appellant had put the mare in the boy's possession, that fact should, in the opinion of the court, weigh against him in determining who was the owner of the mare, and that it was evidence in favor of the ownership of the boy. This instruction was erroneous in that view of the case, for the possession of the mare by the boy was just as consistent with the theory of appellant's ownership as that of his son, and such fact could not weigh against appellant in proving the ownership in the boy.

The appellant's son was a minor, a member of his family, and was a mere servant of his father, and his possession was entirely consistent with the ownership of his father, and appellee had no reason for supposing from that fact that the title was in the son. A general owner may maintain his action against any person taking his goods out of the possession of his agent. Cooper v. Cooper, 132 Ill. 80; Cannon v. Kinney, 3 Scam. 9; Gauche v. Mayer, 27 Ill. 133.

The burden of showing that the mare belonged to the

boy by gift from the father was on appellee, and this could not be shown under the circumstances from the fact that the boy had the actual possession of the mare; nor would such fact, under the circumstances, even tend to show it. We think that under this instruction the jury must have been misled.

The judgment of the court below is therefore reversed and the cause remanded.

*Reversed and remanded.*